IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| WILLIAM PITTS, | ) |
|    Plaintiff, | ) Civil Action No. |
| v. | ) |
| CHRIS'S TRUCK REPAIR, and CHRIS AKRIDGE, | ) JURY TRIAL DEMANDED |
|    Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff William Pitts ("Plaintiff" or "Pitts"), through undersigned counsel, and files this lawsuit against Defendants Chris's Truck Repair ("Defendant CTR") and Chris Akridge ("Defendant Akridge") (Defendant CTR and Defendant Akridge collectively referred to as "Defendants"), and for his Complaint shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant CTR is a Georgia business and does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district. Defendant Akridge is a Georgia resident and is subject to jurisdiction in this Court.

### III. Parties and Facts

5.

Plaintiff was employed by Defendants as a mechanic from April 1, 2007 to May 22, 2017.

6.

Defendant CTR is a diesel repair shop that repairs vehicles for its customers. Defendant Akridge is the owner of Defendant CTR.

7.

From June 20, 2014 through May 22, 2017 (hereinafter the "statutory period") Plaintiff performed mechanic duties for Defendants at Defendants' shop.

8.

During the statutory period, Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA.

9.

Throughout his employment with Defendants, Plaintiff a non-exempt laborer entitled to overtime compensation for hours worked over 40 in a workweek. Throughout his employment with Defendants, Plaintiff's primary duty was manual labor.

10.

From June 20, 2014 to May 22, 2017, Defendants did not pay Plaintiff time and a half Plaintiff's regular hourly rate for hours Plaintiff worked in excess of 40 in workweeks.

11.

Throughout the statutory period, Defendants misclassified Plaintiff as an independent contractor.

12.

Throughout his employment with Defendants, Plaintiff was entitled to overtime compensation for all hours worked in excess of 40 hours in a workweek.

13.

Throughout his employment with Defendants, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40 in such weeks.

14.

Defendant CTR is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

15.

As a mechanic repairing vehicles that travel interstate, Plaintiff was engaged in commerce and individually covered under the FLSA.

16.

Throughout Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

17.

Defendants are "employer" within the definition of the FLSA.

18.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

19.

Plaintiff is entitled to overtime pay for the hours he worked over 40 in given workweeks. Defendants' practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendants' unlawful practices, Plaintiff has suffered lost wages.

20.

Throughout Plaintiff's employment, Plaintiff's job duties and the performance thereof, along with his hours worked were controlled by Defendants.

21.

Throughout his employment with Defendant, Plaintiff was economically dependent on Defendants.

22.

Defendants' misclassification of Plaintiff as an independent contractor and failure to pay Plaintiff overtime compensation was a willful violation of the FLSA.

23.

At all times relevant, Defendant Akridge was involved in the day-to-day operations and have substantial operational control over Defendant CTR, including, without limitation, the policies governing individuals employed in the same capacity as Plaintiff.

24.

At all times relevant, Defendant Akridge exerted substantial control over Defendant CTR's compliance with the FLSA, including the decision to misclassify

Plaintiff as an independent contractor and not pay Plaintiff required overtime compensation.

25.

Defendant Akridge has the power to hire and fire employees, including, without limitation, individuals employed by Defendant CTR in the same capacity as Plaintiff.

26.

Defendant Akridge has control over employee work schedules or conditions of employment including, without limitation, individuals employed by Defendant CTR in the same capacity as Plaintiff.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

27.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

28.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

29.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

30.

Defendants knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

31.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

32.

Defendants knew, or showed reckless disregard for the fact that Defendants failed to pay Plaintiff overtime compensation in violation of the FLSA.

33.

Defendants' violations of the FLSA were willful and in bad faith.

34.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

### **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendants and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendants violated the FLSA;

(D)   Grant Plaintiff leave to add additional state law claims if necessary; and;

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

This 22nd day of June, 2017.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff William Pitts

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Severin@JusticeAtWork.com